FILED

JUL 24 2013

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

|  |  |
|---|---|
| UNITED STATES OF AMERICA, | No. 12-30208 |
| Plaintiff - Appellant, | D.C. No. 2:12-cr-00016-WFN-1 |
| v. | |
| JERAD JOHN KYNASTON, AKA Jared J. Kynaston, AKA Jerad J. Kynaston; et al., | MEMORANDUM[*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the Eastern District of Washington
Wm. Fremming Nielsen, Senior District Judge, Presiding

Argued and Submitted July 8, 2013
Seattle, Washington

Before: KLEINFELD, M. SMITH, and N.R. SMITH, Circuit Judges.

Reviewing de novo, we hold that the Leon good faith exception to the

exclusionary rule applies. United States v. Crews, 502 F.3d 1130, 1135–36 (9th

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

Cir. 2007); see also United States v. Leon, 468 U.S. 897 (1984). Reasonably well-trained officers, relying upon the Spokane County District Judge's authorization, would not have known that the search was illegal. United States v. Clark, 31 F.3d 831, 835 (9th Cir. 1994).

The affidavit was not so lacking in indicia of probable cause that official belief in probable cause was objectively unreasonable. At the time the affidavit was prepared and the search warrant was executed, Wash. Rev. Code Section 69.51A.20 provided that "[n]othing in this chapter shall be construed to supersede Washington state law prohibiting the acquisition, possession, manufacture, sale, or use of cannabis for nonmedical purposes." Wash. Rev. Code Section 69.50.401(1) prohibited the manufacture of marijuana and the possession of marijuana with intent to manufacture or deliver. Thus, the manufacture of marijuana for non-medical purposes was still a crime under Washington law. Nothing in the record indicates that officers had evidence that the house and grounds to be searched were the site of a medical marijuana grow. The probable cause affidavit stated that an officer smelled the odor of growing or freshly harvested marijuana near the house to be searched, that officers observed marijuana stems and leaves in the house, and that the house's electricity consumption was extremely high. It established at least

a "colorable argument" for the existence of probable cause. <u>United States v. Crews</u>, 502 F.3d at 1136.

The warrant was not so facially deficient that executing officers could not reasonably presume it valid. It stated the place to be searched and the things to be seized, and was not unconstitutionally overbroad. <u>See, e.g.</u>, <u>United States v. Huggins</u>, 299 F.3d 1039, 1044 n.4 (9th Cir. 2002). It alleged a reasonable nexus between evidence of a crime and the property to be searched. <u>See, e.g.</u>, <u>United States v. Grant</u>, 682 F.3d 827, 838–40 (9th Cir. 2012); <u>United States v. Crews</u>, 502 F.3d at 1136-37.

It was not necessary for the Government to introduce evidence explaining why the officers believed that they had probable cause. <u>United States v. Clark</u>, 31 F.3d at 835 ("Although we state the [<u>Leon</u> exception] in terms of 'good faith,' the Supreme Court has 'eschew[ed] inquiries into the subjective beliefs of law enforcement officers.' Consequently, the inquiry is one of objective reasonableness; we must decide whether a reasonably well-trained officer would have known that this particular search was illegal despite the magistrate judge's authorization.") (quoting <u>United States v. Leon</u>, 468 U.S. at 922 n.23).

3

Because the <u>Leon</u> good faith exception applies, the fruits of the search

should not be suppressed.  The district court's orders to the contrary are reversed.


REVERSED AND REMANDED.