IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

STATE OF WASHINGTON,           )
                               )     No. 31561-4-III
           Appellant,          )
                               )
   v.                          )
                               )
MARC EUGENE REED,              )     UNPUBLISHED OPINION
                               )
           Respondent.         )

SIDDOWAY, C.J. — The superior court dismissed the State's charges that Marc

Eugene Reed unlawfully possessed and manufactured marijuana, after concluding that its

search warrant was not supported by probable cause. In reaching that conclusion, it

relied upon the decision of a federal district court in Eastern Washington whose

reasoning we recently rejected in *State v. Ellis*, 178 Wn. App. 801, 2014 WL 2118650,

*review denied*, No. 89928-2 (Wash. June 6, 2014). Consistent with our decision in *Ellis*,

we now reverse and remand for trial.

FACTS AND PROCEDURAL BACKGROUND

Detective Jerry Hensley was told by a confidential informant about a marijuana

grow operation that the informant had seen in a white garage behind a home on North

Walnut Street in Spokane. The detective traveled to the home; saw the garage; and

noticed that—while the temperature outside was approximately 29 degrees Fahrenheit—

this particular garage, unlike others in the area, had no frost on its roof or icicles hanging from the roofline. Suspecting that the absence of frost and icicles was due to heat generated by a grow operation, he contacted Avista Utilities and obtained power consumption records for the address. The records showed a large and growing increase in electrical consumption that had begun earlier in the year. When the detective returned to the home again after obtaining the power consumption records, he could smell the odor of growing marijuana from the public alley, within five feet of the garage. He again observed the absence of frost or icicles on the garage roof.

That same day, he applied for and obtained a search warrant for the home and outbuildings. Police executed the search warrant and discovered a marijuana grow operation with packaged marijuana, scales, and U.S. currency. Detective Hensley arrested Mr. Reed, the owner of the home. After being informed of his constitutional rights, Mr. Reed waived his rights and told the detective that he was growing marijuana for his personal use and to sell as an income supplement. The State thereafter charged Mr. Reed with manufacture of a controlled substance and possession of a controlled substance with intent to deliver.

Mr. Reed moved to suppress evidence of the grow operation and to dismiss the charges. He argued that the search warrant failed to allege that a crime had been committed because the affidavit did not allege that the marijuana was being grown in violation of Washington's medical marijuana statutes. The primary basis for this motion

2

No. 31561-4-III
*State v. Reed*

was a ruling from the United States District Court for the Eastern District of Washington[1] that, following the state decriminalization of medical marijuana, search warrant affidavits must establish a probable violation of Washington's medical marijuana statutes.

The superior court was persuaded by the federal ruling, concluding in part that

> [i]f [the search warrant] affidavit were presented to a magistrate prior to the 2011 amendments of RCW 69.51A, there would be sufficient probable cause to issue a search warrant. However, since the 2011 amendments, an affidavit for a search warrant must set forth facts showing the probability that the defendant is manufacturing marijuana, and is doing so in violation of the medical marijuana laws.

Clerk's Papers at 49. The superior court suppressed the marijuana as the fruit of an unlawful search and seizure, and dismissed the charges for lack of evidence. The State appeals.

## ANALYSIS

This case presents a single question of law for review: Do the 2011 amendments to Washington's medical marijuana statutes, which decriminalized the medical use of marijuana, require law enforcement officers to allege a violation of the medical marijuana statutes in order to establish probable cause that a crime has been committed?

---

[1] The unpublished decision relied upon by the trial court was *United States v. Kynaston*, No. CR-12-0016-WFN, 2012 WL 2117635 (E.D. Wash.), *rev'd*, 534 F. App'x 624 (9th Cir. 2013), *cert denied*, 134 S. Ct. 1779 (2014).

3

At oral argument, both sides agreed that our recent decision in *Ellis* controls the outcome of this appeal. In *Ellis*, we noted that the Uniform Controlled Substances Act (UCSA), chapter 69.50 RCW, generally criminalizes all possession and manufacture of marijuana, while the Washington State Medical Use of Cannabis Act (MUCA), chapter 69.51A RCW, decriminalizes the same thing if certain requirements are met. 178 Wn. App. at 806. Interpreting these two acts together and looking at the MUCA's legislative history, we concluded that "the MUCA exception applies to marijuana-based arrests, prosecutions, and criminal sanctions, but not searches." *Id.* at 807. We then held that a search warrant affidavit only needs to establish probable cause to believe that a suspect violated the UCSA, and does not need to also establish the suspect's noncompliance with the MUCA. *Id.* at 807-08. We also expressly disagreed with the federal trial court decision, subsequently reversed by the Ninth Circuit, that Mr. Reed successfully had relied upon in the trial court. *Id.*

Adhering to *Ellis*, we hold that the lower court erred as a matter of law when it granted Mr. Reed's motions to suppress the marijuana and dismiss the charges. Accordingly, we reverse and remand for further proceedings.

A majority of the panel has determined that this opinion will not be printed in the

4

No. 31561-4-III
*State v. Reed*

Washington Appellate Reports but it will be filed for public record pursuant to RCW

2.06.040.

_____
Siddoway, C.J.

I CONCUR:

_____
Korsmo, J.

No. 31561-4-III

FEARING, J. (concurring) — I concur based upon my concurring opinion in *State v. Ellis*, 178 Wn. App. 801, 2014 WL 2118650, *review denied*, No. 89928-2 (Wash. June 6, 2014).

_____
Fearing, J.